provement Company. But as to the remaining charges of violation of the injunction, the court, after an examination of the answers and affidavits, considered that they were not substantiated. The motion to dissolve the injunction was denied.)

As to the general powers of the trustees, and the degree of control which the court will exercise over them, the presiding justice remarked, in substance, as follows:

The discretion with which the law has invested the trustees on the management of the fund is very large, and so long as they act in good faith and not palpably in violation of their trust. the exercise of that discretion cannot be interfered with. It is their discretion, and not that of the court to which the state has intrusted the management of this important fund. consisting as it does, of the whole public domain of the state.

But if the trustees are not acting in good faith; if they are acting fraudulently, and in collusion with the donees and grantees of the various large grants which they have made, they will not only be personally liable to answer to the complainant and other bondholders similarly situated, for the payment of their bonds; but the fraudulent sales will be set aside, and the property sold will be followed by the court, and put up for sale at public auction; and any proceeds of sales which ought to be in the hands of the trustees, but which from their default or fraud. are not forthcoming, will also be followed in their hands. or in the hands of those who have them. and applied to the purposes of the trust. But the settlement of these questions is proper for the final hearing of the cause, after all the issues have been made. and after all the evidence is in.

[For a motion for an attachment for contempt for disobedience of the decree of the court, also for a petition for rehearing, see Case No. 17,-008.]

## Case No. 17,012.

### VOSS v. BAKER.

[1 Cranch, C. C. 104.] [1]

Circuit Court, District of Columbia. Dec. Term, 1802.

#### TRESPASS.

In trespass for breaking up a scow, if the defendant, knowing that a third person had committed the trespass, received from him the timbers and planks. knowing them to be the property of the plaintiff, he is guilty of the trespass. Quære.

Trespass for breaking up a scow. THE COURT instructed the jury that if the defendant. knowing that Tuel committed a trespass in taking and breaking up a scow of the plaintiff, received from Tuel the timbers and planks of the scow, knowing them to be the property of the plaintiff. which had been so taken, he

[1] [Reported by Hon. William Cranch, Chief Judge.]

is answerable in this action, being equally. as guilty as Tuel.

MARSHALL, Circuit Judge, absent.

(This opinion was grounded upon the principle that in trespass there are no accessories; and that in a case where a person would be an accessory in felony, he will be a principal in trespass.)

Mr. Woodward, for defendant, moved the court to instruct the jury, that if they should be of opinion that the defendant did not receive the plank, &c., till after the action brought, he could not be liable in this suit, although the principal trespass was committed before the bringing of the action.

KILTY, Chief Judge, was inclined to give the instruction as prayed.

CRANCH, Circuit Judge, contra. that the act shall relate back to the time of the principal trespass. (Quære.)

Verdict for the defendant.

VOSS (BEALE v.).    See Case No. 1,160.

VOSS (COOKE v.)    See Case No. 3,179.

VOSS (FENWICK v.).    See Case No. 4,736.

## Case No. 17,013.

### VOSS v. HOWARD.

[1 Cranch, C. C. 251.] [1]

Circuit Court, District of Columbia. July Term, 1805.

#### ASSAULT AND BATTERY—BEATING SERVANT.

In an action of assault and battery, for beating the plaintiff's servant per quod, &c. The plaintiff cannot recover without evidence of loss of service.

Assault and battery on plaintiff's servant, per quod, &c.

Verdict for the plaintiff, one cent damages, subject to the opinion of the court, on the following statement of facts. viz.: Joseph Cole, a mulatto slave, the property of a citizen of Maryland, hired himself, with his owner's permission, in the city of Washington, to Nicholas Voss, by the month; the said negro received the wages for his labor. and lived, not with Mr. Voss, but with his own wife, a free white woman, and came daily to his labor; that an affray and fight took place between the defendant and said Cole; that the defendant struck and beat the said Cole, but not so as to occasion any loss of labor to the said Voss. The declaration was a common count, in assault and battery, per quod servitium amisit.

The opinion of THE COURT was for the defendant. The loss of service is the gist of the action, and the statement admits that there was no loss of labor, which the court considered as synonymous with service. Judgment for the defendant.

[1] [Reported by Hon. William Cranch, Chief Judge.]